Muriel KELLER, Respondent,

v.

James Logan STEVENS, Appellant.

No. 38682.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 14, 1978.

Sommers & Holloran, Inc., Donald B. Sommers, St. Louis, for appellant.

William R. Kirby, Carl I. Katzen, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Plaintiff Muriel Keller sued for damages for injuries suffered when the car in which she was riding was rear-ended by a car driven by defendant James Stevens. Plain-

tiff got an $11,000 verdict and judgment, from which defendant has appealed.

The critical issue before us: Did the trial court err in receiving plaintiff's evidence of *how the collision occurred* when defendant had admitted the collision but denied plaintiff's resultant injuries?

In the pleading stage, defendant relied on a general denial. At trial defendant amended his answer and admitted the collision, did not deny negligence, but specifically denied plaintiff's alleged injuries resulted therefrom.

To prove the collision was the proximate cause of her injuries plaintiff, over defendant's objections, introduced evidence of defendant's speed and the force of impact, including the relative positions of the two cars at the time of and immediately after the impact. Defendant challenges the admission of this evidence, contending it was irrelevant since he had admitted the collision. We deny the challenge.

"Liability for negligence arises only when three elements exist: a duty, a breach of that duty, and causation [of injury]." *Anderson v. Robertson*, 402 S.W.2d 589 [10–12] (Mo.App.1966).[1] Here, defendant admitted only his negligent driving. By denying plaintiff's injuries, defendant compelled plaintiff to prove not only the extent of her injuries but also that her claimed injuries were proximately caused by the admitted collision. That she did by showing the force of the impact causing those injuries. We deny defendant's contention that the court erred in admitting evidence as to how the collision occurred.

Defendant briefs two other points, contending error in plaintiff's verdict-directing instruction and an excessive verdict. Neither at trial nor in his motion for a new trial did defendant challenge the verdict director, nor did he complain of an excessive verdict in his after-trial motion. Neither point is preserved for review.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.

1. For further discussion of the essential element of proximate cause see *Zitzman v. Glueck Box Co.*, 276 S.W. 23[1] (Mo.1925); *Karr v.* *Chicago R. I. & P. Ry. Co.*, 341 Mo. 536, 108 S.W.2d 44[3–4] (1937); and § 32, 57 Am.Jur.2d, Negligence.